# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

SHELLESE PAYTON,

           Plaintiff,

v.

MIKE SHOEMYER, *et al.*,

           Defendants.

2:12-cv-00999-MMD -VCF

**ORDER AND
REPORT & RECOMMENDATION**

Application to Proceed *In Forma Pauperis* (#1)

Before the court are plaintiff Shellese Payton's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1). The court held a hearing on July 11, 2012, at 9:30 a.m.

## I.   *In Forma Pauperis* Application

In plaintiff's application to proceed *in forma pauperis*, she states that she takes home $88.00 a week and has -$20 in her bank account. (#1). Plaintiff asserts that her monthly expenses include rent and utilities, such as power, but does not provide the court with the amount of each. *Id.* Even without knowing the amount of plaintiff's monthly expenses, the court finds that plaintiff is unable to pay the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

## II.   Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**A.     Plaintiff's Claims**

In her complaint, plaintiff alleges that on September 27, 2011, she was discriminated by employees who wrongfully terminated her employment and "violated [her] equal protection rights to the Constitution." (#1-1). Plaintiff also alleges that defendants violated her 1st, 14th, and 18th Amendments in violation of 42 U.S.C. § 1983, and that the defendants defamed her character. *Id.* Plaintiff names several employees of Clark County Parks and Recreation (hereinafter "Parks and Recreation"), Gray Elementary School, and Dondero Elementary School as defendants. *Id.*

In count one, plaintiff asserts that an administrator for the Parks and Recreation, defendant Shoemyer, saw her laying down in the multi-purpose room, and that after she explained her medical condition that causes her to feel ill, he left "with no concern." *Id.* Plaintiff states that at the end of the school year she learned that previous complaints had been filed against her. *Id.* Plaintiff asserts that she has a "1st and 14th Amendment right to complain against the government" and a due process right to be free from cruel and unusual punishment under the 8th Amendment. *Id.*

Plaintiff's first claim fails to state a claim upon which relief may be granted and should be

2

dismissed. *Ashcroft*, 129 S.Ct. at 1949.  Plaintiff has not alleged facts to support her claim that her 1st Amendment was violated, as she does not allege that she in any way was foreclosed from "petitioning the government for grievances," and only asserts that she has a right to do so.  U.S. Const. amend I. Plaintiff also does not assert facts that support a claim under the 14th Amendment, as she has not alleged that she was deprived of life, liberty, or property without due process, and has only asserted that complaints were filed against her.  U.S. Const. amend XIV.

Plaintiff asserts 18th Amendment[1] violations in her complaint.  (#1-1).  As plaintiff states that she is free from cruel and unusual punishment in relation to this claim, the court finds that plaintiff intended to assert violations of her 8th Amendment.  *See* U.S. Const. VIII.  Plaintiff does not allege any facts that support a claim under the 8th Amendment, as she fails to demonstrate how either the previous complaints filed against her or Shoemyer walking away somehow amount to "cruel and unusual punishment" under the 8th Amendment.  U.S. Const. amend VIII.  Plaintiff's first count should be dismissed without prejudice with leave to amend.  See *Ashcroft*, 129 S.Ct. at 1949; *Cato*, 70 F.3d at 1106.

In plaintiff's second claim, she alleges that her 1st, 14th, and 8th Amendments were violated and that defendants defamed her character[2].  (#1-1).  Plaintiff's claim stems from defendant Danny Alexrod asking plaintiff a question regarding if plaintiff touched a staff member in a "lustful way," and an incident where plaintiff refused a child when the parent was not caught up on payments.  *Id.*  Plaintiff asserts that after the incidents, she was stripped of her title as supervisor and was told that "there will not be supervisors," "[her] location will be changing," and "[her] pay rate will go down."  *Id.*

Plaintiff's second claim cannot survive, as plaintiff has failed to state a claim upon which relief

---

[1] The 18th Amendment deals with prohibition, and as the plaintiff does not make any reference to alcohol in her complaint, the court can reasonably assume that the plaintiff mistakenly wrote the incorrect Amendment.  U.S. Cost. XVIII.  Accordingly, in addressing plaintiff's claims, the court will refer to the 8th Amendment instead of the 18th Amendment.

[2] Plaintiff states in count two that her following civil rights have been violated: "Defamation of Charter."  (#1-1).  The court reasonably concludes that plaintiff intended on asserting a claim of defamation of character.

3

can be granted. *Ashcroft*, 129 S.Ct. at 1949.  Plaintiff does not allege any facts to support a violation of her 1st Amendment, as these alleged facts have nothing to do with her right to speech, religion, assembly, or petition.  *See* U.S. Const. I.   There are also no factual allegations supporting a violation of the 8th Amendment, and plaintiff does not allege that having her pay rate decrease or no longer being a supervisor in some way amount to cruel and unusual punishment.  *See* U.S. Const. VIII.  Plaintiff's assertion that her 14th Amendment was violated also cannot survive, as the factual allegations asserted do not indicate that she was deprived of life, liberty, or property without due process of law.  *See* U.S. Const. XIV.  With regard to plaintiff's defamation of character allegation, this court does not have jurisdiction over this claim, as state law governs, not federal law, and the court will not exercise supplemental jurisdiction, as the court is dismissing plaintiff's federal claims.  *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367 (a federal court may exercise supplemental jurisdiction over state claims if the court has original jurisdiction over related claims).  Plaintiff's second count should be dismiss without prejudice with leave to amend.  *See Ashcroft*, 129 S.Ct. at 1949; *Cato*, 70 F.3d at 1106.

Plaintiff's third claim alleges that her 1st, 14th, and 8th Amendments were violated, and that she was wrongfully terminated. (#1-1).  Plaintiff alleges that on September 24, 2011, she was accused of leaving a child outside a classroom, and that she explained to the parent that she did not do so.  *Id.* Plaintiff states that on September 26, 2011, she was told that her services were no longer needed.  *Id.* Plaintiff asserts that when she asked why she was being terminated, she was told that there was an issue with her "work performance."  *Id.*  Plaintiff also asserts that when she tried to explain the situation, defendant D.J., who is a supervisor at Parks and Recreation, interrupted, and stated that she had already begun the paperwork.  *Id.*

Plaintiff's third claim cannot survive, as plaintiff has failed to state a claim upon which relief can be granted.  *Ashcroft*, 129 S.Ct. at 1949.  Plaintiff has not alleged facts that support a violation of her 1st Amendment, and only asserts that she was interrupted when trying to speak.  *See* U.S. Const. I. Plaintiff has also not alleged facts to support a claim under the 8th or 14th Amendments, as she does not

allege a deprivation of life, liberty, or property without due process of law, and has not suffered any cruel and unusual punishment by being interrupted by defendant D.J.  *Id.*  With regard to any wrongful termination claim, plaintiff has not provided any evidence that she has filed a claim with the EEOC or the NERC as required.  *See* 42 U.S.C. § 2000e-5.  Plaintiff must first exhaust these remedies before filing a wrongful termination action in this court based on discrimination.  *See* 42 U.S.C. § 2000e-5(f)(1).  Plaintiff's third count is dismissed without prejudice with leave to amend.  *See Ashcroft*, 129 S.Ct. at 1949; *Cato*, 70 F.3d at 1106.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff  Shellese Payton's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the Clerk of Court shall be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) shall be dismissed *without prejudice.*

IT IS FURTHER RECOMMENDED that plaintiff, if she chooses to do so, shall be permitted to file an amended complaint within thirty-three (33) days from the date the clerk mails the plaintiff the court's order dismissing the complaint, or the case may be dismissed *with prejudice*[3].  Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without

---

[3] As the court indicated during the hearing, there are several organizations available to help plaintiff retain a lawyer or obtain legal advice to assist in this litigation if plaintiff files an amended complaint and the action proceeds: Legal Aid Center http://www.lacsn.org/; State Bar of Nevada's "Lawyer Referral & Information Service" at http://www.nvbar.org/ or 1(702) 382-0504; or Federal Court "Ask A Lawyer Program" scheduled for July 25, 2012, 2:00-5:00 p.m., to register visit www.lacsn.org/federal or call (702) 386-1070, EXT. 117 No later then July 18th.

reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of July, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

6